Indictment for selling liquor by a measure less than a quart. Demurrer to the indictment.
In this case the defendant was indicted for retailing and selling spirituous liquor by a measure less than a quart to one _____ _______, against the form of the act, c., omitting the name of the person to whom the liquor was sold.
The question arose whether the indictment was good.
The Court said that, in general, the law required a specification in the indictment of such facts entering into and connected with the offence, as would be necessary in order to give the defendant certain knowledge of the specific offence with which he is charged. Where, therefore, the offence consists in a single act, as in the indictment for selling liquor by the small, it is but reasonable that the defendant should be informed of the person to whom he is charged with having sold the liquor; if that person be known to the grand jury. But where a continuation of acts of the same nature constitute the offence, it is not necessary to specify the particulars; as in an indictment for keeping a tippling-house; or, under this same statute, for keeping a tavern without license; it would not be necessary to be more particular than to charge the offence generally. So an indictment for being a "common barretor," or a common scold," or for keeping a "gambling-house," or a bawdy-house," is good. (2 Hawk. *Page 548 c. 25, secs. 57-9: Archb. Crim. Pl. 19.) Our constitution, Art. 1, sec. 7, secures to the accused a right "to be plainly and fully informed of the nature and cause of the accusation against him." And that branch of the act of assembly under which this indictment is framed makes one act of selling liquor by the small measure an indictable offence; for this one act the defendant is indicted, and he ought to be informed of the person to whom, on this occasion, he is charged to have sold the liquor, as a fact necessary to point the charge with sufficient certainty. If you call on a man to defend a course of conduct, or habit, the charge may correspond in generality with the nature of the offence charged; hut if you call on him to defend a particular act of his life, all the circumstances connected with that act, and which distinguish that act from any other of a like nature, must, be stated, that the defendant may know certainly, what he is charged with. Of course, if in such cases the name of the person is unknown to the grand jury, it may he so stated.
 Judgment for demurrant.